IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**WENDELL HILL**              :        **CIVIL ACTION**
    **v.**                         :
**SUPT. GEORGE PATRICK, et. al.**  :   **NO. 07-cv-0952**

## MEMORANDUM AND ORDER

    The Antiterrorism and Effective Death Penalty Act of 1996, known as "AEDPA," and codified in 28 U.S.C. §§2241-2266, pertains to the rights of individuals in state or federal custody to file a petition for the issuance of a federal writ of habeas corpus.  If successful, a petitioner may obtain release from custody on the ground that the petitioner's federal rights were violated.  Benchoff v. Colleran, 404 F.3d 812 (3rd Cir. 2005); Okereke v. United States, 307 F.3d 117 (3rd Cir. 2003);  Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001).

    Congress deliberately created a series of restrictive gate-keeping conditions in AEDPA that must be satisfied for a petitioner to prevail.  One is a strict and short statute of limitations; another, the so-called "second or successive rule" that generally prohibits the filing of a habeas petition if a prior petition was dismissed with prejudice.  For purposes of the second or successive rule, the concept of "dismissal with prejudice" means that the prior case was dismissed after merits consideration; that it was dismissed on grounds of procedural default;[1] or that it was time-barred under AEDPA's statute of limitations.  Villot v. Varner, 373 F.3d 327 (3d Cir. 2004); Holloway v. Horn, 355 F.3d 707 (3d Cir. 2004); Jones v. Morton, 195 F.3d 153 (3d Cir. 1999).

---

    [1]Procedural default occurs when a §2254 petitioner previously forfeited the right to file an appeal of the state conviction or sentence, or to file an application for post-conviction relief from the conviction or sentence, and a state procedural rule dictates that the time has passed for such filing.

1

AEDPA requires permission of the Circuit Court before the filing a second or successive petition in the district court. 28 U.S.C. §2244(b)(3)(A). Without permission, the district court lacks subject matter jurisdiction. Villot, supra; Holloway, supra; Jones, supra. This requirement was enacted to carry out the Congressional policy of achieving finality with respect to state and federal criminal prosecutions. Woodford v. Garceau, 538 U.S. 202 (2003); Duncan v. Walker, 533 U.S. 167 (2001); Crews v. Horn, 360 F.3d 146 (3rd Cir. 2004).

Here, petitioner filed a 28 U.S.C. § 2254 petition in this court at No. 88-2838 and another at No. 05-5261, both of which attacked the same conviction and sentence as in this case. Both of the previous petitions were dismissed with prejudice. Accordingly, the second or successive rule is applicable. Because petitioner has not obtained the Circuit Court's permission to file this petition, it must be dismissed.

Accordingly, this 17th day of May, 2007, it is hereby ordered that this civil action is dismissed with prejudice for lack of subject matter jurisdiction, and the Clerk of the United States District Court for the Eastern District of Pennsylvania shall mark this matter as closed for all purposes.

                                             **/s/ Edmund V. Ludwig**
                                             **EDMUND V. LUDWIG, J.**